# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CORY L. WARD, | ) |
| 2) CURTIS L. WARD, and | ) |
| 3) WARDS HOME APPLIANCE, INC., | ) |
| Plaintiffs, | ) Case No. CIV-16-0414-HE |
| v. | ) |
| 4) LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this removal, Safeco states as follows:

1. On March 22, 2016, Plaintiffs Cory L. Ward, Curtis L. Ward, and Wards Home Appliance, Inc. ("Plaintiffs") commenced an action in the District Court of Oklahoma County, State of Oklahoma entitled *Cory L. Ward, Curtis L. Ward, and Wards Home Appliance, Inc. v. Liberty Mutual Insurance Company*, Case

No. CJ-2016-1493 (the "State Court Action"). A true copy of the state court docket sheet is attached as Exhibit 1. All process, pleadings, and orders filed or served in the State Court action are attached hereto as Exhibits 2 through 10.

2. According to the Petition, Plaintiffs are residents of the State of Oklahoma. Defendant Liberty Mutual is a company organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

3. In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of the service of Plaintiffs' Petition on Liberty Mutual on March 24, 2016.

4. The Western District of Oklahoma includes the state judicial district in which Plaintiffs filed their Petition.

5. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6. Liberty Mutual submits that the amount in controversy exceeds $75,000. Plaintiffs' Petition attempts to defeat diversity by alleging, "Defendant's

acts and omissions were in reckless disregard for the rights of others and Plaintiffs are entitled to recover punitive damages. Plaintiffs claim these damages in the total amount of $70,000 and claims this is the amount in controversy." (Petition, Exhibit 2, at ¶ 9). These allegations are ambiguous at best. Plaintiffs appear to claim punitive damages of $70,000 and state that *this* is the amount in controversy—despite the fact that Plaintiffs also claim compensatory damages for breach of contract and bad faith in an unspecified amount; consequential damages, including but not limited to mental and emotional distress and embarrassment; and interest, costs, and attorneys' fees. (*See id.* at ¶¶ 8, 11).

Indeed, Plaintiffs seek damages under a Policy which contains $145,800 of building coverage and $23,172 in business personal property coverage. Plaintiffs' Petition specifically alleges various conduct on Liberty Mutual's behalf that purportedly supports their claim for bad faith and recovery of damages, including Liberty Mutual's alleged failure to properly investigate and evaluate Plaintiffs' claims. (*See id.* at ¶ 7(a)-(n)). Under Oklahoma law, punitive damages may be awarded in an amount at least equal to the actual damages awarded or

$100,000, whichever is greater. *See* OKLA. STAT. tit. 23, § 9.1. As such, the amount in controversy plainly exceeds the sum of $75,000.

*See, e.g., Gulley v. Farmers Ins. Co.*, 2008 U.S. Dist. LEXIS 40666, *3-4 (W.D. Okla. May 21, 2008) (finding defendant carried its burden to show that the requisite jurisdictional amount of $75,000 was in controversy where policy limits were only, $30,000, and plaintiff specifically sought punitive damages as well as "compensatory" damages, including emotional distress); *Hartsfield v. Farmers Ins. Co.*, 2010 U.S. Dist. LEXIS 104964, *5-6 (W.D. Okla. Sept. 30, 2010) ("Plaintiff's claim of $32,820.12 in contract damages together with compensatory and punitive damages—sufficiently supported by factual allegations—makes it possible that $75,000 is at play. . . . Consequently, . . . this Court concludes Defendant has satisfied its burden of showing over $75,000 is in controversy."); *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 993-94 (N.D. Okla. Sept. 9, 2014). (permitting removal where the plaintiff's stated actual damages were only $10,000 or more but the plaintiff also sought punitive damages, noting "a punitive damages award of $65,000 or more would reach the jurisdictional threshold" and "would require no more than a single-digit ratio of punitive damages to actual damages.").

7.      Contemporaneous with Liberty Mutual's filing of this Notice, Liberty Mutual will serve written notice to Plaintiffs' counsel of this filing, as required by 28 U.S.C. § 1446(d).

8.      Defendant Liberty Mutual shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

Respectfully submitted,

s/William W. O'Connor
William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
**NEWTON O'CONNOR TURNER & KETCHUM, P.C.**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile
boconnor@newtonoconnor.com
mshipley@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT, LIBERTY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven S. Mansell, Esq.
Mark A. Engel, Esq.
Kenneth G. Cole, Esq.
Adam Engel, Esq.

**ATTORNEYS FOR PLAINTIFFS**

s/William W. O'Connor
William W. O'Connor