# EXHIBIT 2



CJ-16-1493
Swinton

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 2 2 2016

TIM RHODES
COURT CLERK
31_____

| | |
|---|---|
| CORY L. WARD, CURTIS L. WARD, and WARDS HOME APPLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No: **CJ 2016-1493** <br><br> ***JURY TRIAL DEMANDED*** |

## PETITION

COME NOW the Plaintiffs, Cory L. Ward, Curtis L. Ward, and Wards Home Appliance, Inc., and for their cause of action against Defendant, allege and state:

1. Plaintiffs insured their business under a commercial insurance policy with Liberty Mutual Insurance Company, policy number 8141509. Said policy provided replacement cost coverage for covered losses and was in force at all times material hereto.

2. Cory Ward is a resident of Norman, Cleveland County, State of Oklahoma, and Curtis Ward is resident of Oklahoma City, Oklahoma County, State of Oklahoma. Curtis Ward and Cory Ward are partners operating a business, Wards Home Appliance, Inc., located in Oklahoma City, Oklahoma County, State of Oklahoma.

3. Defendant, Liberty Mutual Insurance Company, is a foreign corporation incorporated and domiciled in the State of Massachusetts and maintains its principal place of business in Boston Massachusetts. Liberty Mutual Insurance Company is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma

Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

4. On March 25, 2015, Plaintiffs' business, including the roof thereof, was damaged by a wind and hail storm, which was a covered loss under Plaintiffs' insurance policy with Defendant.

5. Plaintiffs timely submitted a claim for damages to Defendant, made the premises available for inspection by Defendant's adjusters, cooperated in the limited investigation that Defendant performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

6. Defendant denied Plaintiffs' claim for damages to the roof of Plaintiffs' premises and ancillary structures related thereto.

7. Defendant breached the insurance contract and the implied covenant of good faith and fair dealing as a matter of standard business practice, in the following respects:

   a. failing and refusing payment of all covered damage and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that they were entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information and refusing reinspection;

   c. withholding payment of the full benefits due Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

   d. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

f. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

m. underpaying the insurance benefits;

n. refusing to pay for destructive testing authorized by its adjuster;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

8. As a direct result of the above described breach of contract and breach of implied covenant of good faith and fair dealing by Defendant, Plaintiffs have suffered loss of the coverage promised by Defendant, mental and emotional distress and embarrassment and other consequential damages.

9. Defendant's acts and omissions were in reckless disregard for the rights of others and Plaintiffs are entitled to recover punitive damages. Plaintiffs claim these damages in the total amount of $70,000 and claims this is the amount in controversy.

10. The amount sought as damages is less than the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

11. **WHEREFORE**, Plaintiffs prays for judgment against the Defendant, Liberty Mutual Insurance Company, for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100   F: (405) 232-4140
E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**  **ATTORNEYS FOR PLAINTIFFS**
**ATTORNEY LIEN CLAIMED**